UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., formerly known as SUPER 8 MOTELS, Inc., a South Dakota Corporation, | : : : : |
| Plaintiff, | : Case No. 8:16-cv-566 |
| v. | : |
| BELLEVUE SUPER 8, INC., a Nebraska Corporation, | : : |
| Defendant. | |

# VERIFIED COMPLAINT

This is an action by plaintiff Super 8 Worldwide, Inc., formerly known as Super 8 Motels, Inc. ("SWI"), for trademark infringement and unfair competition against defendant, Bellevue Super 8, Inc. ("Bellevue"), pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Nebraska state law, as the result of Bellevue's unauthorized infringing use of SWI's service marks, which is likely to cause confusion in the marketplace regarding the source of guest lodging facility services.

## PARTIES, JURISDICTION AND VENUE

1. SWI is a corporation organized and existing under the laws of the State of South Dakota, with its principal place of business in Parsippany, New Jersey.

2. Bellevue, on information and belief, is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business at 303 S. Fort Crook Road, Bellevue, Nebraska 68005.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Bellevue resides in and/or conducts business in this District. A substantial part of the events giving rise to this action occurred in this District, and the subject property is located herein.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Super 8® Marks

5. SWI is one of the largest guest lodging facility franchise systems in the United States, and is widely known as a provider of guest lodging facility services.

6. SWI owns and has the exclusive right to license the use of the service mark SUPER 8® and various related trade names, trademarks and service marks (certain of which are on the principal register of the United States Patent and Trademark Office), logos, and derivations thereof (the "Super 8® Marks"), as well as the distinctive Super 8® System, which provides guest lodging services to the public under the Super 8® name and certain services to its franchisees, including a centralized reservation system, advertising, publicity, and training services.

7. SWI or its predecessors first used the SUPER 8 MOTEL mark in 1973 the Super 8® Marks are in full force and effect. The registered Super 8® Marks listed below are incontestable pursuant to 15 U.S.C. § 1065.

8. SWI has given notice to the public of the registration of the Super 8® Marks as provided in 15 U.S.C. § 1111.

9. SWI uses or has used the Super 8® Marks as abbreviations of its brand name.

10. SWI has registered the Super 8® Marks as service marks with the US Patent and Trademark Office ("USPTO") and owns, among others, the following valid service mark registrations for the Super 8® Marks:

| MARK | LOGO | REGISTRATION NO | REGISTRATION DATE | CLASS |
|---|---|---|---|---|
| SUPER 8 | | 1602723 | Jun-19-1990 | 35, 42 |
| SUPER 8 & Design (b/w) | | 3610108 | Apr-21-2009 | 35, 43 |
| SUPER 8 & Design (Color) | | 3610109 | Apr-21-2009 | 35, 43 |
| SUPER 8 HOTEL & Plaque Design | | 1951982 | Jan-23-1996 | 42 |
| SUPER 8 MOTEL & Design | | 1128057 | Dec-18-1979 | 42 |

11. The USPTO registrations for the Super 8® Marks are valid and subsisting and in full force and effect and appear on the Principal Trademark Register of the USPTO. All of the above listed Super 8 ® Marks have achieved incontestable status pursuant to the Lanham Act, 15 U.S.C. § 1065. Such incontestable federal registrations for the Super 8® Marks constitute

3

conclusive evidence of the validity of the Super 8® Marks and SWI's ownership of the Super 8® Marks and the exclusive right to use the marks nationwide.

12. Through its franchise system, SWI markets, promotes, and provides services to its guest lodging franchisees throughout the United States. In order to identify the origin of their guest lodging services, SWI allows its franchisees to utilize the Super 8® Marks and to promote the Super 8® brand name.

13. SWI has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and service marks to cause consumers throughout the United States to recognize the Super 8® Marks as distinctly designating SWI guest lodging services as originating with SWI.

14. The value of the goodwill developed in the Super 8® Marks does not admit of precise monetary calculation, but because SWI is one of the largest guest lodging facility franchise systems in the United States and is widely known as a provider of guest lodging facility services, the value of SWI's goodwill exceeds hundreds of millions of dollars.

15. The Super 8® Marks are indisputably among the most famous in the United States.

**Factual Allegations**

16. On or about October 30, 1989, SWI entered into a franchise agreement with Ashok Amin ("Amin") for the operation of a Super 8® guest lodging facility located at 303 S. Fort Crook Road, Bellevue, Nebraska 68005, designated as Site No. 03859-16707-01 (the "Facility").

17. Pursuant to the terms of the Franchise Agreement, Amin was permitted to use the Super 8® Marks in association with the operation and use of the Facility as part of SWI's franchise system.

18. On or around March 29, 2010, the Franchise Agreement expired, thereby terminating Amin's right to use the Super 8® Marks in association with the operation and use of the Facility as part of SWI's franchise system.

19. Upon information and belief, Bellevue is the current owner of the Facility.

20. Since obtaining possession of the Facility, Bellevue has engaged in the unauthorized use of the Super 8® Marks, and marks confusingly similar to the Super 8® Marks. Specifically, Bellevue has failed to remove and continues to use Super 8® signage, including signage using similar trade dress, color schemes, font, architectural features, and a confusingly similar name, specifically "Super 7", on nearby highways, and in the Facility's public areas, all within view of the traveling public, in order to induce the traveling public to rent guest rooms at the Facility.

21. By letter dated July 18, 2016, a true copy of which is attached as Exhibit A, SWI advised Bellevue that it was to immediately cease and desist from using the Super 8® Marks, and marks confusingly similar to the Super 8® Marks.

22. Despite this notice, Bellevue has continued to misuse the Super 8® Marks, and marks confusingly similar to the Super 8® Marks.

**FIRST COUNT**
**Service Mark Infringement under the Lanham Act (15 U.S.C. § 1114)**

23. SWI incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

24. SWI is the owner of the Super 8® Marks that are the subjects of the registrations described in Paragraph 10 of this Verified Complaint.

25. SWI uses the Super 8® Marks in commerce in connection with the offering for guest lodging services and related services.

5

26. SWI's Super 8® Marks are prima facie valid and SWI's rights in certain of the Super 8® Marks are incontestable.

27. Bellevue has used and continues to use service marks in interstate commerce for its guest lodging services, which marks are confusingly similar to SWI's Super 8® Marks, including its trade dress, color schemes, font, and architectural features, and the name "Super 7", without SWI's consent.

28. Bellevue's actions are likely to cause, have caused and will continue to cause confusion, mistake and deception in the minds of customers as to the source or origin of Bellevue's services.

29. Bellevue's conduct described herein constitutes service mark infringement under 15 U.S.C. § 1114.

30. Upon information and belief, Bellevue acted with full knowledge that its actions were intended to be used to cause confusion, mistake, and to deceive consumers, which constitutes a willful violation of 15 U.S.C. § 1114.

31. On information and belief, Bellevue had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

## SECOND COUNT
### False Designation of Origin under the Lanham Act (15 U.S.C. § 1125)

32. SWI incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

33. Bellevue has used and continues to use marks confusingly similar to SWI's Super 8® Marks, including its trade dress, color schemes, font, and architectural features, and the name "Super 7", without SWI's consent.

34. Bellevue's use of the Super 8® Marks and marks confusingly similar to the Super 8® Marks, including its trade dress, color schemes, font, and architectural features, and the name "Super 7", at the Facility, has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the public and the trade who recognize and associate SWI with the Super 8® Marks and are likely to believe that there is an affiliation, connection, or association between the Bellevue and SWI when there is no such affiliation, connection or association, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

35. On information and belief, Bellevue had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

36. Bellevue's activities constitute false designation of origin with the meaning of 15 U.S.C. § 1125(a).

37. SWI has been injured by Bellevue's false and misleading advertising in violation of 15 U.S.C. § 1125(a).

38. Upon information and belief, Bellevue acted willfully, with full knowledge of SWI's rights in the Super 8® Marks, and those acts constitute a willful violation of 15 U.S.C. § 1125(a).

### THIRD COUNT
### Counterfeit of Registered Mark under the Lanham Act (15 U.S.C. § 1114(1)(a)

39. SWI incorporates by reference the allegations in the proceeding paragraphs of the Verified Complaint.

40. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection

with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

41. The Lanham Act, 15 U.S.C. § 1116(d)(1)(B)(i), defines a counterfeit mark as "a mark that is registered on the Principal Register in the United States Patent and Trademark Office for such goods and services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered."

42. Bellevue marketed, promoted, and rented, and continues to market, promote, and rent rooms at the Facility through the use of counterfeit Super 8® Marks, and such use caused and is likely to continue to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

43. The acts of Bellevue in marketing, promoting, and renting rooms at the Facility through and with the counterfeit Super 8® Marks were intentional.

44. Bellevue intentionally used the counterfeit Super 8® Marks in marketing, promoting, and renting rooms at the Facility with knowledge that the marks were counterfeit.

45. Bellevue's on-going use of counterfeit Super 8® Marks in violation of Section 32 of the Lanham Act is intentional, malicious, fraudulent, willful, and deliberate.

46. Bellevue's on-going use of counterfeit Super 8® Marks in violation of Section 32 of the Lanham Act has inflicted and continues to inflict irreparable harm on SWI.

47. SWI has no adequate remedy at law.

48. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

## FOURTH COUNT
## Deceptive Trade Practices under Nebraska Law

49. SWI incorporates by reference the allegations in the proceeding paragraphs of the Verified Complaint.

50. Bellevue has used confusingly similar service marks in connection with the sale or offering of its guest lodging services that are likely to cause confusion as to the source or origin of the services.

51. Bellevue imitated SWI's Super 8® Marks, including its trade dress, color schemes, font, architectural features, and a confusingly similar name of "Super 7", by using them in connection with its guest lodging services.

52. Upon information and belief, Bellevue knowingly acted with the intent to cause confusion between its services and SWI's services in violation of Neb. Rev. Stat. Ann. § 87-301, et al.

53. Bellevue's actions have injured SWI by misappropriating its business and/or impairing the goodwill associated with SWI's business conducted under the Super 8® Marks.

54. Upon information and belief, Bellevue intends to continue its infringing actions unless restrained by this Court.

## FIFTH COUNT
## Unfair Competition under Nebraska Law

55. SWI incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

56. Bellevue has unfairly profited by using the Super 8® Marks and marks confusingly similar to the Super 8® Marks to promote their own services by including the Super

8® Marks, including its trade dress, color schemes, font, and architectural features, and the name "Super 7", on signage and other indicators of commercial source without SWI's authorization.

57. Bellevue has been unjustly enriched and SWI has suffered damages from Bellevue's violations of Nebraska statutory and common laws.

58. Upon information and belief, Bellevue has made and will continue to make substantial profits and gains to which it is not entitled at law or in equity as a result of its infringing conduct.

59. Bellevue's conduct described herein constitutes unfair competition under the common law of the State of Nebraska.

60. SWI has been damaged as a result of the actions of Bellevue in violation of Nebraska law.

## SIXTH COUNT
### Nebraska Consumer Protection Act Neb. Rev. Stat. §§ 59-1601 et.seq.

61. SWI incorporates by reference the allegations in the preceding paragraphs of the Verified Complaint.

62. Bellevue's actions are also a violation of Nebraska's Consumer Protection Act Neb. Rev. Stat. §§ 59-1601 to 59-1603 (Reissue 2008), as unfair methods of competition and unfair and deceptive acts or practices.

63. Bellevue's unlawful conduct is causing harm to SWI or is likely to cause such harm, for which there is no adequate remedy at law.

64. SWI is entitled to all available remedies provided for in Neb. Rev. Stat. 59-1609, including monetary damages (which includes actual damages and disgorgement of profits), reasonable attorneys' fees and costs and preliminary and permanent injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE,** SWI respectfully requests that this Court enter the following legal and equitable relief in favor of SWI and against Bellevue as a result of its infringing conduct and its unfair competition practices:

A.  A Judgment declaring that:

(1)  Bellevue has intentionally infringed the Super 8® Marks in violation of the Lanham Act and Nebraska law;

(2)  Bellevue's actions have caused and will continue to cause confusion in the marketplace and constitute false designation of origin and unfair competition in violation of the Lanham Act and Nebraska law;

B.  Entering a preliminary and permanent injunction enjoining and restraining Bellevue and its affiliated and/or parent companies and their officers, agents, servants and other employees from using in commerce or in connection with any goods or services any mark, name or design that creates a likelihood of confusion with the Super 8® Marks, including the name "Super 7", and from engaging in any other acts of unfair competition and in engaging in false designation of origin;

C.  Awarding SWI all direct damages, indirect damages, consequential damages (including lost profits), special damages, costs, fees and expenses incurred by reason of Bellevue's trademark infringement, unfair competition, and false advertising;

D.  Awarding SWI treble damages sustained as a result of the Bellevue's unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

E.  Awarding SWI statutory damages in the amount of $2,000,000 as a result of Bellevue's willful conduct, pursuant to 15 U.S.C. § 1117(c);

F.	Ordering an accounting by Bellevue to SWI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility;

G.	Awarding actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit;

H.	Declaring that SWI, or its authorized agent, has the right, without prior notice to Bellevue, to enter the property at the Facility and remove any and all exterior signage, exterior items and other exterior materials displaying the Super 8® Marks, including any and all exterior signage, exterior items and other exterior materials displaying the confusingly similar name "Super 7";

I.	Awarding SWI the maximum punitive damages available under Nebraska law;

J.	Awarding SWI pre-judgment interest on any money awarded and made part of the judgment;

K.	Awarding SWI its actual costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. §§ 1117(a) and 1125(c); and

H.	Granting such other relief as the Court deems reasonable and just.

## PLACE OF TRIAL

Plaintiff request for trial in Omaha, Nebraska.

Dated this 28th day of December, 2016.

            SUPER 8 WORLDWIDE, INC., Plaintiff.

        By: /s/ Jill Robb Ackerman
            Jill Robb Ackerman (NE #17623)
            Krista M. Eckhoff (NE #25346)
            BAIRD HOLM LLP
            1700 Farnam St, Ste 1500
            Omaha, NE 68102-2068
            Phone: 402-344-0500
            Facsimile: 402-344-0588
            jrackerman@bairdholm.com
            keckhoff@bairdholm.com

Bryan P. Couch
LECLAIRRYAN
One Riverfront Plaza
1037 Raymond Boulevard, Sixteenth Floor
Newark, New Jersey 07102
(973) 491-3582 Direct
(973) 491-3632 Fax
Bryan.Couch@leclairryan.com
*of Counsel*

## VERIFICATION

STATE OF NEW JERSEY )
) ss:
COUNTY OF MORRIS )

Suzanne Fenimore, of full age, being duly sworn according to law, upon her oath, deposes and says:

I am Senior Director of Contracts Compliance for Super 8 Worldwide, Inc. ("SWI"), which is plaintiff in this action.

I have read the foregoing Verified Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Verified Complaint are true based on my personal knowledge, the records of SWI and/or information available through employees of SWI.

*(signature)*
SUZANNE FENIMORE

Sworn and subscribed to before
me this day of Dec., 2016
22nd

*(signature)* Karen A. Brown
NOTARY PUBLIC

*(Notary seal: Karen A. Brown, My Commission Expires 01-24-2017, Notary Public, State of New Jersey)*

14



July 18, 2016

Bellevue Super 8, Inc.
303 S. Fort Crook Road
Bellevue, Nebraska 68005

Re:   Demand to Cease and Desist Ongoing Infringement at the facility located at 303 S. Fort Crook Road, Bellevue, Nebraska 68005, Former Super 8® Site No. 03859-16707-01 (the "Facility")

Dear Sir or Madam:

We represent Super 8 Worldwide, Inc. ("SWI") relative to issues relating to the guest lodging facility located at 303 S. Fort Crook Road, Bellevue, Nebraska 68005, former Super 8® Site No. 03859-16707-01 (the "Facility"). It has been brought to SWI's attention that you are operating the above-referenced Facility as a "Super 7" guest lodging establishment, in flagrant violation of SWI's trademark rights. We write to demand that you immediately cease and desist the misuse of the Super 8 ® trade name, trademarks or service marks (collectively, the "Super 8® Marks"), and names and marks that are confusingly similar to the Super 8® Marks, and cease to misrepresent that you have a relationship with SWI. Specifically, by way of example and not limitation, signage bearing the Super 8® Marks, trade dress, font, colors, logo, and sign canisters, in conjunction with use of the words "Super 7," is located at the Facility, on nearby highways, and in the Facility's public areas, all within view of the travelling public.

SWI is widely known as a provider of guest lodging facility services. SWI has the exclusive right to license the use of the Super 8® Marks, as well as the distinctive Super 8® System, which provides hotel services to the public under the Super 8® name and certain services to its licensees, including a centralized reservation system, advertising, publicity, and training services. SWI or its predecessors have continuously used each of the Super 8® Marks since the date of their registration and these marks are in full force and effect pursuant to 15 U.S.C. § 1065.

SWI prides itself on the quality of its services, its reputation for quality, and the very substantial goodwill that has become attributable to it. SWI has spent substantial sums in development and promotion of the goodwill associated with the Super 8® Marks, and views them as substantial proprietary assets. Because of substantial use and promotion, the Super 8®

E-mail: Bryan.Couch@leclairryan.com
Direct Phone: (973) 491-3582
Direct Fax: (973) 491-3632

1037 Raymond Boulevard, Sixteenth Floor
Newark, New Jersey 07102
Malinda Miller, Attorney In Charge
Phone: 973.491.3600 \ Fax: 973.491.3555

CALIFORNIA \ COLORADO \ CONNECTICUT \ DELAWARE \ GEORGIA \ MARYLAND \ MASSACHUSETTS \ MICHIGAN \ NEVADA \ NEW JERSEY
NEW YORK \ PENNSYLVANIA \ TEXAS \ VIRGINIA \ WASHINGTON, D.C.

ATTORNEYS AT LAW \ WWW.LECLAIRRYAN.COM



Marks have become famous marks afforded a broad scope of protection under United States and international trademark law.

Your continued misrepresentations and unauthorized use of the Super 8® Marks, usage of signage bearing the Super 8® Marks, trade dress, font, colors, logo, and sign canisters, and usage of the similar name "Super 7", constitute counterfeiting, trademark infringement, unfair competition, and dilution in violation of the federal United States Trademark Act, 15 U.S.C. §1051, et. seq., and additionally constitutes trademark infringement, unfair competition and dilution in violation of state and common law. This infringement is: 1) causing confusion among the public as to the affiliation of the Facility with the Super 8® System; and 2) damaging contractual relations between SWI and its legitimate licensees. This has caused dilution and disparagement of the distinctive quality of the Super 8® Marks and lessened the capacity of the Super 8® Marks to identify and distinguish the goods and services of SWI, all in violation of Section 43(c) of the Lanham Act.

Please be advised that should you fail to cease and desist (1) using all Super 8® Marks, trade dress, font, colors, logo, and sign canisters; (2) displaying signage confusingly similar to the Super 8® Marks; and (3) otherwise identifying the Facility as a "Super 7", SWI will initiate litigation against you, immediately move for injunctive relief, and seek to recover damages which, under the Lanham Act, may include an award of treble damages and attorneys' fees and/or statutory damages of up to $2 million for each registered mark still in use at the Facility. See 15 U.S.C. § 1114, et seq.

Accordingly, SWI demands you immediately remove any and all exterior and interior items displaying the Super 8® Marks, trade dress, font, colors, logo, sign canisters, and the similar name "Super 7". SWI will be sending a representative to the Facility shortly to ensure that you are in compliance with these requirements. You must contact us <u>within ten (10) days from the date of this letter</u> to confirm that you will comply with all demands set forth herein. Absent written assurance from you of your compliance with SWI's demands, as stated above, SWI will take all measures afforded to it at law and in equity to enforce its intellectual property rights.

The foregoing is not intended, nor shall it be construed, as a complete recitation of the facts and events concerning the above-referenced matter, or the law or claims of SWI in the event filings are made with respect thereto, nor shall it be construed as a complete recitation of any of your rights, claims, damages or remedies, legal or equitable. Nothing hereinabove stated or omitted shall be deemed a waiver or limitation of any right, remedy, claim, or cause of action of any kind whatsoever, all of which SWI hereby expressly reserves. This letter is written

without prejudice to any claims which SWI may have against you and/or related entities, including but not limited to injunctive relief and money damages, should action against you prove necessary.

Very truly yours,

Bryan P. Couch